RECEIVED
AUG 2 6 2020
PRO SE OFFICE

**Phillip J. Stevens**
*1820 Park Newport Apt. 409*
*Newport Beach, CA 92660*
Tel: (949) 887-2023
Email: newportwarrior@gmail.com
Defendant *Pro Se*

*August 25, 2020*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
 *PRO SE INTAKE UNIT*
500 PEARL STREET.   ROOM 200
NEW YORK, NEW YORK. 10007

Dear Sirs,

   I hereby respectfully submit the enclosed unopposed motion to vacate
the final judgement of the Civil Action No. 91-CV-1869 (CSH) case against
Phillip J. Stevens, Defendant, Pro Se.
   This request has been reviewed by the Securities and Exchange
Commission which does not oppose vacatur of the final judgement.
   The attached documents support the Request for Vacatur.
   Your consideration of this request is deeply appreciated.

Sincerely,

Phillip J. Stevens

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,                                          :       Civil Action No. 91-CV-1869 (CSH)

                                    Plaintiff,       :

            v.                                       :

PHILLIP J. STEVENS,                                  :

                                    Defendant.       :

## PROPOSED ORDER

Defendant Phillip J. Stevens having filed an Unopposed Motion Seeking Vacatur of Final

Judgment entered against him on his consent in March 1991with a Memorandum in Support; and

        Plaintiff Securities and Exchange Commission having filed a Stipulation confirming that

it does not oppose the Motion; and

        This Court having determined that the relief sought is equitable and not contrary to the

public interest; therefore

IT IS HEREBY ORDERED that the Final Judgment is vacated.

IT IS SO ORDERED ON THIS _____ day of _____, 2020.


BY THE COURT:              _____
                           United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | Civil Action No. 91-CV-1869 (CSH) |
| Plaintiff, | : | |
| v. | : | |
| PHILLIP J. STEVENS, | : | |
| Defendant Pro Se. | : | |

## DEFENDANT PHILLIP J. STEVENS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION REQUESTING VACATUR OF FINAL JUDGMENT

### PRELIMINARY STATEMENT

Defendant Phillip J. Stevens moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate the final judgment entered against him on his consent on March 20, 1991. The final judgment imposed a payment obligation upon Stevens that he subsequently satisfied, and permanently enjoined future violations by Stevens of the antifraud provisions of the federal securities laws. For the reasons set forth below, maintaining the final judgment is unnecessary in the public interest, and the final judgment should be vacated. Plaintiff Securities and Exchange Commission does not oppose vacatur of the final judgment.

### PROCEDURAL HISTORY

Defendant Stevens was founder, CEO, Chairman and President of Ultrasystems, Inc., a public company located in Irvine, California, until he retired in 1988. Ultrasystems was engaged in the engineering, construction and operation of power plants and co-generation facilities as well as the development of computer hardware and construction for the U.S. Department of Defense.

On August 14, 1990, the Commission authorized its staff to file a civil action against

Stevens alleging that he violated Section 17(a) of the Securities Act of 1933 ("Securities Act"),

and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5

thereunder, by tipping selected industry analysts during the Spring of 1987 that Ultrsystems

expected a drop in quarterly earnings, allowing the analysts' clients to avoid losses by selling

their Ultrasystems stock before the earnings drop became public.  The Commission also

authorized its staff to conduct settlement discussions with Stevens.

In January 1991, the Commission accepted an offer of settlement from Stevens in which

he consented to entry of a permanent injunction enjoining him from future violations of Section

17(a) of the Securities Act  Section 10(b) of the  Exchange Act , and Rule 10b-5 thereunder.

Stevens also agreed to repay $126,455, representing the losses avoided on trading by analysts'

clients that resulted from the tips he made to the analysts.  A settled action was filed in March

1991 in this Court.  Stevens waived the filing of an answer, and consented to entry of final

judgment on those terms.  *See* Final Judgment of Permanent Injunction and Other Equitable

Relief as to Phillip J. Stevens, Ex. 1.  Stevens has satisfied the repayment obligation set forth in

the final judgment.  The obey-the-law injunction is the only portion of the final judgment that

remains in effect.

## ARGUMENT

I.    Legal Standard Governing Vacatur of Final Judgment

Recently, in *SEC v. Sheinwald*, 2020 U.S. Dist. LEXIS 63228 (S.D.N.Y. Apr. 20, 2020),

this court noted that, pursuant to Federal Rule of Civil Procedure 60(b), the court "may relieve a

party or its legal representative from a final judgment, order, or proceeding" if "applying [the

judgment] prospectively is no longer equitable" or for "any other reason that justifies relief." *Id.*

at *7 (citing Fed.R.Civ.P. 60(b)(5)-(6)).  The court also noted that "'[t]he power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible.'" *Id.* (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 706 F.2d 956, 967 (2d Cir. 1983)).  The court also noted that it "may modify a final or perpetual injunction only where conditions have so changed as to make such relief equitable, *i.e.*, a significant change in the law or facts."  *Id.* at *7-8 (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 256 (2d Cir.  1984)).

II.    Vacatur of the Final Judgment is Warranted

The final judgment permanently enjoined future violations of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, and Rule 10b-5, to protect investors from future misdeeds by Stevens.  Stevens was not charged in the settled action with earning a profit by selling his own shares of Ultrasystems stock while in the possession of inside information. Further, Stevens has not served as an officer of a public company since he retired from Ultrasystems in 1988.  Stevens is 91 years old.  Stevens has complied with the obey-the-law injunction for more than twenty nine years.  Under the circumstances, Stevens does not pose a continuing threat to investors, and vacatur of the final judgment would be equitable.  The Commission has confirmed that the agency does not oppose Defendant's motion for vacatur of the final judgment against him on this basis.  *See* August 19, 2020 letter, Ex. 2.

**CONCLUSION**

For the reasons set forth above, Stevens' unopposed motion to vacate the final judgment should be granted.

Dated

_____August___24_____,2020.

Respectfully submitted,

*Phillip J. Stevens*

Phillip J.Stevens
 1820 Park Newport. Apt. 409
 Newport Beach, CA. 92660
 Tel: (949) 887-2023
 Email: newportwarrior@gmail.com
 Defendant *Pro Se*

4

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>450 FIFTH STREET, N.W.<br>WASHINGTON, D.C.  20549, | : <br> : <br> : | 91 CIV. _____ |
| | : | |
| Plaintiff, | : | |
| | : | FINAL JUDGMENT OF |
| v. | : | PERMANENT INJUNCTION |
| | : | AND OTHER EQUITABLE |
| PHILLIP J. STEVENS, | : | RELIEF AS TO |
| | : | PHILLIP J. STEVENS |
| Defendant. | : | |
| | : | |

---

Plaintiff SECURITIES AND EXCHANGE COMMISSION ("COMMISSION"),
having filed a COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE
RELIEF ("COMPLAINT"), alleging violations by Defendant PHILLIP J.
STEVENS ("STEVENS") of Section 17(a) of the Securities Act of
1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of
the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.
§78j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] thereunder, and
Defendant STEVENS in the CONSENT AND UNDERTAKINGS OF PHILLIP J.
STEVENS ("CONSENT AND UNDERTAKINGS") simultaneously filed with
this Court, having waived service of process, having entered a
general appearance, having admitted to the jurisdiction of this
Court over him and over the subject matter of this action, having
waived the entry of findings of fact and conclusions of law
pursuant to Rule 52 of the Federal Rules of Civil Procedure,
having waived any right he may have to appeal from the entry of
this FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER EQUITABLE

RELIEF ("FINAL JUDGMENT") and without admitting or denying the allegations of the COMPLAINT, except those as to jurisdiction, which he admits, and having consented to the entry without further notice of this FINAL JUDGMENT permanently enjoining him from violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] thereunder, and, it further appearing that this Court has jurisdiction over the parties and the subject matter of this action, and the Court being fully advised in the premises:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant STEVENS, his agents, servants, employees, attorneys-in-fact and all persons in active concert or participation with them who receive actual notice of this FINAL JUDGEMENT by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(1) to employ any device, scheme, or artifice to defraud;

(2) to make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the

2

circumstances under which they were made, not

misleading; or

(3)   to engage in any act, practice, or course of business

which operates or would operate as a fraud or deceit

upon any person,

in connection with the purchase or sale of any security.

II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant

STEVENS, his agents, employees, servants, attorneys-in-fact and

all persons in active concert or participation with them who

receive actual notice of the FINAL JUDGMENT by personal service

or otherwise, and each of them, be and they hereby are

permanently restrained and enjoined from violating Section 17(a)

of the Securities Act [15 U.S.C. § 77q(a)], directly or

indirectly, by using any means or instruments of transportation

or communication in interstate commerce or by the use of the

mails in the offer or sale of any security,

(1)   to employ any device, scheme, or artifice to defraud;

(2)   to obtain money or property by means of any untrue

statement of a material fact or any omission to state a

material fact necessary in order to make the statements

made, in the light of the circumstances under which

they were made, not misleading; or

(3)   to engage in any transaction, practice, or course of

business which operates or would operate as a fraud or

deceit upon the purchaser.

3

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant STEVENS shall pay $126,455, representing the losses avoided by the sale of Ultrasystems stock by clients of certain securities analysts, as described in the COMMISSION'S COMPLAINT.  Payment shall be made to the Court within fifteen (15) business days of the entry of this FINAL JUDGMENT.  The monies paid and deposited with the Court by Defendant STEVENS shall be distributed pursuant to a Court-approved plan to be proposed by the COMMISSION, but in no event shall the monies paid revert, directly or indirectly, to Defendant STEVENS, or his heirs or assigns.  The Clerk of the Court, as soon as the business of his office allows after the deposit set forth above, shall draw his check in an amount equal to the sum deposited by Defendant STEVENS payable to Manufacturers Hanover Trust Company, to be invested in an Insured Money Management Account at the rate of interest then obtaining. This investment shall be subject to the collateral provisions of Treasury Circular 176.  A signed copy of this FINAL JUDGMENT shall be served upon the Clerk of Court and the Financial Deputy.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of the matter for all purposes, including the implementation and enforcement of this FINAL JUDGMENT.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed CONSENT AND UNDERTAKINGS be, and the same hereby is, incorporated herein with the same force and effect as if set herein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant STEVENS shall comply with his undertakings as set forth in the CONSENT AND UNDERTAKINGS.

There being no just reason for delay, the Clerk of Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this FINAL JUDGMENT forthwith.

_____

UNITED STATES DISTRICT COURT JUDGE

Dated:  March      , 1991
New York, New York

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
SECURITIES AND EXCHANGE COMMISSION   :
450 FIFTH STREET, N.W.               :      91 CIV. _____
WASHINGTON, D.C.  20549,             :
                                     :
                         Plaintiff,  :
                                     :
v.                                   :
                                     :      CONSENT AND
                                     :      UNDERTAKINGS AS TO
PHILLIP J. STEVENS,                  :      PHILLIP J. STEVENS
                                     :
                         Defendant.  :
```

1.   Defendant PHILLIP J. STEVENS ("STEVENS"), enters a general appearance, admits the jurisdiction of this Court over him and over the subject matter of this action, and having read and understood the annexed FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF ("FINAL JUDGMENT"), acknowledges service upon him of the COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF ("COMPLAINT") in this action, and waives the filing of any ANSWER thereto.

2.   Defendant STEVENS, without admitting or denying any of the allegations in the COMPLAINT, except as to jurisdiction, to which he admits, consents to the entry, of the FINAL JUDGMENT annexed hereto, and incorporated by reference herein, which permanently restrains and enjoins STEVENS from engaging in violations of Section 17(a) of the Securities Act of 1933

[15 U.S.C. § 77q(a)], and violations of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. §78j(b)] and Rule 10b-5 [17 C.F.R. §240.10b-5] thereunder.

3.   Defendant STEVENS waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.   Defendant STEVENS waives any right he may have to appeal from the entry of the FINAL JUDGMENT.

5.   Defendant STEVENS recognizes and states that this CONSENT AND UNDERTAKING is entered into voluntarily and that no offers, promises or threats of any kind have been made by any member, officer, employee, agent, or representative of the Plaintiff SECURITIES AND EXCHANGE COMMISSION ("COMMISSION") to induce him to enter into this CONSENT AND UNDERTAKING.

6.   Defendant STEVENS agrees that this CONSENT AND UNDERTAKING shall be incorporated into the FINAL JUDGMENT with full force and effect as if fully set forth therein.

7.   Defendant STEVENS agrees that he will not oppose the enforcement of the FINAL JUDGMENT on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and he hereby waives any objection he may have based thereon.

8.   Defendant STEVENS agrees and undertakes to pay $126,455, representing the losses avoided by the sale of Ultrasystems stock by clients of certain securities analysts, as described in the COMMISSION'S COMPLAINT, the monies to be

2

deposited with the Court within fifteen (15) business days of the entry of the FINAL JUDGMENT.  Such funds shall thereafter be distributed pursuant to a Court-approved plan to be proposed by the COMMISSION, but in no event shall the monies paid revert, directly or indirectly, to STEVENS, or his affiliates, successors or assigns.

9.   Defendant STEVENS agrees that the FINAL JUDGMENT may be presented by the COMMISSION to the Court for signature and entry without further notice.

10.   Defendant STEVENS agrees that the Court shall retain jurisdiction of this action for the purpose of enforcing the terms of the FINAL JUDGMENT.

_Phillip J. Stevens_

Phillip J. Stevens

Dated: __14 MARCH__, 1991

__NEWPORT BEACH__, California

3

ACKNOWLEDGEMENT

County of _____ )
                        )
State of California     )

On _____ , 1991, appeared Phillip J. Stevens,

known to me to be the person who executed the foregoing Consent

and Undertaking, and he duly acknowledged to me that he executed

the same.

> OFFICIAL SEAL
> DOROTHY H. KOESTER
> NOTARY PUBLIC · CALIFORNIA
> ORANGE COUNTY
> My Commission Expires Aug. 16, 1991

Notary Public
My Commission Expires:
_____

Approved as to form:
J. Michael Brennan, Esq.
Gibson, Dunn & Crutcher
Attorney for Defendant
Phillip J. Stevens

Dated: _____ , 1991
       _____ , California

4

# EXHIBIT 2



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

August 19, 2020

<u>VIA U.S. Mail</u>

Phillip J. Stevens
21 Rockingham Drive
Newport Beach, CA  92660

Re:     Request for Relief from Final Judgment entered in
        *S.E.C. v. Phillip J. Stevens*, 91 Civ. 1869 (CSH) (S.D.N.Y.)

Dear Mr. Stevens:

You have requested that the Commission consent to, or not oppose, vacatur of the final judgment entered against you on your consent in March 1991.  The Commission has reviewed this matter.  You were not charged in the settled action with earning a profit by selling your own shares of Ultrasystems stock while in the possession of inside information.  Further, you have not served as an officer of a public company since your retirement from Ultrasystems in 1988.  You have satisfied the financial obligation imposed upon you by the final judgment.  You are currently 91 years old and have complied with the obey-the-law injunction for more than twenty nine years.

In light of these circumstances, the Commission does not believe that you pose a continuing threat to investors, or that expending further resources either of the Court or the Commission in this case would be prudent.  You may inform the court that the Commission will not oppose a motion seeking vacatur of the final judgment that is grounded on the bases set forth above.

Sincerely,

Timothy N. McGarey
Special Trial Counsel
Office of General Counsel
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549
(202) 551-5179
McGareyT@sec.gov

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

  v.

PHILLIP J. STEVENS,

      Defendant Pro Se.

Civil Action No. 91-CV-1869 (CSH)

## DEFENDANT PHILLIP J. STEVENS' NOTICE OF UNOPPOSED MOTION REQUESTING VACATUR OF FINAL JUDGMENT

PLEASE TAKE NOTICE that *pro se* defendant Phillip J. Stevens shall move before this Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for an order vacating the final judgment entered against him on consent on March 20, 1991.

PLEASE TAKE FURTHER NOTICE that in support of the motion, defendant Stevens shall rely upon the Memorandum of Law, dated __25 AUGUST__, 2020 and the Exhibits attached thereto.

PLEASE TAKE FURTHER NOTICE that Plaintiff Securities and Exchange Commission does not oppose this motion.

Defendant Stevens does not request oral argument on this motion.

Dated

24 August ————,2020.

Respectfully submitted,

*Phillip J. Stevens*

Phillip J.Stevens
1820 Park Newport. Apt. 409
Newport Beach, CA. 92660
Tel: (949) 887-2023
Email: newportwarrior@gmail.com
Defendant *Pro Se*

2

## CERTIFICATE OF SERVICE

I Certify that on this _24_ day of _August_, 2020, I have served a copy of

DEFENDANT PHILLIP J. STEVENS' NOTICE OF UNOPPOSED MOTION

REQUESTING VACATUR OF FINAL JUDGMENT and accompanying Memorandum with a

Proposed Order via email and U.S. Mail, postage prepaid, upon:

> Timothy N. McGarey
> Special Trial Counsel
> Securities and Exchange Commission
> 100 F. Street, N.E.
> Washington, D.C.  20549-9612

_Phillip J. Stevens_
Phillip J. Stevens

## CERTIFICATE OF SERVICE

I Certify that on this __24__ day of __August__, 2020, I have served a copy of

DEFENDANT PHILLIP J. STEVENS' NOTICE OF UNOPPOSED MOTION

REQUESTING VACATUR OF FINAL JUDGMENT and accompanying Memorandum with a

Proposed Order via email and U.S. Mail, postage prepaid, upon:

>           Timothy N. McGarey
>           Special Trial Counsel
>           Securities and Exchange Commission
>           100 F. Street, N.E.
>           Washington, D.C.  20549-9612

Phillip J. Stevens
Phillip J. Stevens



**PRIORITY MAIL 2-DAY®**

**US POSTAGE PAID**

Origin: 92658
08/24/20
0553760420-17

**P**

**$7.75**

PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

UNITED STATES
POSTAL SERVICE ®

■ Expected delivery c
■ Most domestic ship
■ USPS Tracking® inc
■ Limited internationa
■ When used internat

*Insurance does not cover
Domestic Mail Manual at h
** See International Mail M

**FLAT RAT**
ONE RATE ■ ANY

**TRACKED ■ INSURED**

EXPECTED DELIVERY DAY: 08/27/20

C014

SHIP
TO:
500 PEARL ST
New York NY 10007-1316

0 Lb 5.60 Oz

1006

USPS TRACKING® NUMBER

9505 5158 1380 0237 4521 26



To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

FROM: PHILLIP J. STEVENS
1820 Park Newport Apt 409
Newport Beach, CA. 92660

RECEIVED
AUG 26 2020
PRO SE OFFICE

TO:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YO
PRO SE INTAKE UNIT
500 PEARL STREET. ROOM 200
NEW YORK, NEW YORK. 10007